**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey LEWIS, Defendant–Appellant.**

**No. 97–6331.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 26, 1998.

Decided Sept. 10, 1998.

---

J. Guthrie True (argued and briefed), Johnson, Judy, True & Guarnieri, Frankfort, KY, for Appellant.

Patrick H. Molloy (argued and briefed), Office of the U.S. Attorney, Lexington, KY, for Appellee.

Before: KENNEDY and RYAN, Circuit Judges; ROSEN, District Judge.*

## OPINION

KENNEDY, Circuit Judge.

Defendant, Jeffrey B. Lewis, appeals the judgment of conviction and sentence entered following his guilty plea to one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of conspiring to distribute narcotics, in violation of 21 U.S.C. § 846, in connection with a scheme to defraud the Medicaid program. Defendant contends in this appeal that the District Court erred in applying enhancements for use of a special skill, pursuant to U.S.S.G. § 3B1.3, and for more than minimal planning, pursuant to U.S.S.G.

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

§ 2F1.1(b)(2). Because we conclude that the District Court did not err in applying either of the enhancements, we **AFFIRM** the defendant's sentence.

## I.

Jeffrey Lewis is licensed as a Doctor of Dental Medicine in the State of Kentucky and operates a private dental practice in Manchester, Kentucky. From July, 1991 through December, 1994, defendant submitted to the Kentucky Medical Assistance Program thousands of Medicaid Statement Dental Forms by mail certifying that he had performed dental procedures on Medicaid patients which he had in fact not performed. In accordance with his submissions, defendant received $1,000,000 in over-payments from Medicaid and the Kentucky Medical Assistance Program. To maximize his return, defendant submitted thousands of claims for complicated and, therefore, expensive procedures. For example, defendant's practice submitted 89% of the total billings received by the State of Kentucky for "removal of a foreign body." While a dentist employed by defendant submitted only 114 billings for this procedure, the defendant submitted 2,684 billings. Similarly, defendant's clinic accounted for 64% of all billings by Medicaid dental providers in the State of Kentucky for a complicated impaction procedure. To attract additional patients who qualified for Medicaid and thereby further his fraudulent scheme, defendant offered impoverished patients medically unnecessary prescriptions for Schedule III narcotics. In total, defendant prescribed 9,921 illegitimate prescriptions for Schedule III narcotics.

As a result of his fraudulent scheme, on January 15, 1997, a federal indictment was returned against defendant charging him with six counts of mail fraud, in violation of 18 U.S.C. § 1341, one count of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and nine counts of distribution of narcotics, in violation of 21 U.S.C. § 841(a)(1). Pursuant to a written plea agreement, the government dismissed the indictment and filed an information charging defendant with one count of mail fraud and one count of conspiring to distribute narcotics. In impos-

ing a sentence of thirty months' imprisonment to be followed by a three-year term of supervised release, the District Court enhanced defendant's sentence for use of a special skill pursuant to § 3B1.3 of the Guidelines and for more than minimal planning pursuant to § 2F1.1(b)(2) of the Guidelines, despite defendant's objections. Reserving the right in the plea agreement to challenge the application of the aforementioned enhancements, defendant now appeals.

## II.

■ We review the District Court's legal conclusions regarding the application of Sentencing Guidelines *de novo;* whereas; the District Court's findings of fact are accepted unless they are clearly erroneous. *See United States v. Gort–DiDonato,* 109 F.3d 318, 320 (6th Cir.1997); *United States v. Rutana,* 18 F.3d 363, 365 (6th Cir.1994). A factual finding is clearly erroneous when " 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Gort–DiDonato,* 109 F.3d at 320 (quoting *United States v. Perez,* 871 F.2d 45, 48 (6th Cir.1989)). The government bears the burden of establishing enhancement factors by a preponderance of evidence. *See United States v. Feinman,* 930 F.2d 495, 500 (6th Cir.1991).

## III.

### A. U.S.S.G. § 3B1.3: Use of a Special Skill

■ In defendant's first assignment of error, defendant contests the District Court's application of the § 3B1.3 enhancement for abuse of a special skill to the mail fraud conviction. Defendant contends that the District Court erred in applying § 3B1.3 because, although he possessed a special skill, his special skill did not facilitate the commission of mail fraud. "We review a district court's factual finding regarding application of § 3B1.3 for clear error." *United States v. Atkin,* 107 F.3d 1213, 1219 (6th Cir.1997).

U.S.S.G. § 3B1.3 provides that an offense level may be increased by two levels "[i]f the defendant ... used a special skill, in a man-

ner that significantly facilitated the commission or concealment of the offense[.]" A special skill "refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing." U.S.S.G. § 3B1.3, comment. (n.2). Enumerated in the commentary as examples are "pilots, lawyers, doctors, accountants, chemists, and demolition experts." U.S.S.G. § 3B1.3, comment. (n.2). Defendant does not dispute that his medical license constitutes a special skill as doctors are specifically listed as an example of a special skill in the commentary to § 3B1.3.

However, to apply the enhancement to defendant's mail fraud offense, we must find that his occupation as a dentist made "it significantly 'easier' for him to commit ... the crime." *United States v. Atkin*, 107 F.3d 1213, 1220 (6th Cir.1997). It is on this point that defendant rests his argument; defendant disputes that he used his special skill to facilitate the commission of mail fraud. We disagree. In doing so, we distinguish the instant case from one recently decided by our Court. In *United States v. Weinstock*, 153 F.3d 272, 1998 WL 472344 (6th Cir.1998), the government cross-appealed a district court's refusal to apply § 3B1.3 to a podiatrist who was convicted of twenty-six counts of mail fraud in connection with his fraudulent scheme of billing Blue Cross Blue Shield of Michigan for medical procedures he did not perform. *Id.* at 274. Presented with those facts, we held that a medical professional who bills an insurance company for services not performed does not utilize a special skill:

> Weinstock did not use his podiatric skills to facilitate the crime. Although performing unnecessary medical procedures requires a special skill, refraining from providing such services and falsely billing therefore does not.

*Id.* at 281. While we concluded in *Weinstock* that falsely billing an insurance company for services not performed does not require a special skill, Lewis did not merely bill for services he did not perform. Rather, as the Presentence Investigation Report indicates, Lewis performed procedures on patients and then exaggerated the nature of the procedures in his billings to Medicaid. Unlike

simply billing for a procedure that has not been performed, exaggerating the nature of a medical procedure does require the use of special medical knowledge. We, therefore, conclude that the District Court did not err in applying the § 3B1.3 enhancement to defendant's sentence.

### B. U.S.S.G. § 2F.1.1(b)(2): More Than Minimal Planning

■ In his second assignment of error, defendant contends that the District Court erred in applying a two level adjustment for more than minimal planning pursuant to § 2F1.1 of the Sentencing Guidelines. The District Court's application of § 2F1.1(b)(2) is a finding of fact which we review for clear error. *See United States v. Milligan*, 17 F.3d 177, 185 (6th Cir.1994). Section 2F1.1(b)(2) provides that if an offense involving fraud or deceit entailed "more than minimal planning," the offender's offense level is to be increased by two levels. The Commentary to § 1B1.1, the Application Instructions for the Guidelines Manual, explains that "more than minimal planning" means "more planning than is typical for commission of the offense in a simple form." U.S.S.G. § 1B1.1, comment. (n.1(f)). Defendant contends that § 2F1.1(b)(2) was inappropriately applied to the mail fraud count because he engaged in nothing more than the minimum necessary to commit the offense of mail fraud. However, the Sentencing Guidelines specifically provide that " 'more than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1, comment. (n.1(f)); *see also Milligan*, 17 F.3d at 184. Thus, the Guidelines mandate a finding of more than minimal planing in this case where defendant engaged in repeated acts over a three-year period of submitting fraudulent claims to the Medicaid program. *See United States v. Ellerbee*, 73 F.3d 105, 107–08 (6th Cir.1996)(holding that scheme involving repeated submission of fraudulent record club applications warranted a § 2F1.1 (b)(2) enhancement).

■ To further support his argument that the District Court erred in applying § 2F1.1(b)(2), defendant contends that the enhancement is inappropriate because, by merely mailing false claims, he committed mail fraud in only its simplest form; we,

however, rejected the identical argument in *Ellerbee*. As we stated, "[m]ore than minimal planning does not require that the offense be committed in its most complicated form, as appellant impliedly argues; rather it just must be something more than the crime in its simplest form. 'More than minimal planning' can be deduced by ... repeated acts." *Ellerbee*, 73 F.3d at 108. While defendant accurately characterizes the mailing of a false claim as a necessary step to commission of the offense and not an additional or elaborate step, defendant fails to acknowledge that he did not simply mail one fraudulent claim; he mailed thousands. The repeated mailings are therefore the factual basis for the conclusion that defendant has engaged in more than minimal planning.

▆▆ Defendant claims, however, that we may not deem present more than minimal planning whenever the offender has engaged in repeated acts which are other than opportune because to do so creates a mandatory presumption violative of his due process rights. "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Despite defendant's argument to the contrary, we do not find the commentary to § 1B1.1(1)(f), which defines "more than minimal planning," in violation of any constitutional right. Like many of the application notes included within the commentary to sentencing guidelines, § 1B1.1(1)(f) is merely a definitive section which guides sentencing courts in determining when an offender has engaged in more than minimal planning, a term that is not defined in § 2F1.1(b)(2). Included within the definition is repeated acts along with "more planning that is typical for commission of the offense" and "affirmative steps taken to conceal the offense." *See* U.S.S.G. § 1B1.1, comment. (n.1(f)); *Ellerbee*, 73 F.3d at 108. Rather than creating a mandatory presumption, note 1(f) simply defines the grounds upon which a district court may enhance an offender's sentence. Because the Sentencing Commission is authorized to draft notes defining terms within the Guidelines, we find no merit to defendant's contention that the definition violates his due process rights.

Accordingly, we conclude that the District Court did not err in enhancing defendant's sentence for more than minimal planning pursuant to § 2F1.1(b)(2).

### IV.

For the foregoing reasons, the defendant's sentence is **AFFIRMED**.