*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0118P (6th Cir.)
File Name: 04a0118p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 02-4354

DEMETRIUS WYNN,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 02-00232—James Gwin, District Judge.

Argued: March 18, 2004

Decided and Filed: April 23, 2004

Before: COLE and GILMAN, Circuit Judges;
SCHWARZER, Senior District Judge.*

---

*William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

---

## COUNSEL

**ARGUED:** Charles E. Fleming, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant. Duane J. Deskins, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Charles E. Fleming, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant. Duane J. Deskins, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

---

## OPINION

---

RONALD LEE GILMAN, Circuit Judge. In sentencing Demetrius Wynn under U.S. Sentencing Guidelines § 2K2.1, the district court determined that a two-level enhancement was warranted because Wynn possessed a destructive device. Wynn claims that his sawed-off shotgun does not qualify as such a device. To the contrary, we conclude that because Wynn's sawed-off shotgun is a weapon that will expel a projectile by the action of an explosive and has a barrel with a bore of more than one-half inch in diameter, it is a destructive device as defined by Application Note 4 to § 2K2.1. We therefore **AFFIRM** the judgment of the district court.

### I. BACKGROUND

Wynn pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and to possessing an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d). The weapon in question was a .20 gauge shotgun with a modified overall length of 19.5 inches and a barrel length of 12.5 inches. As part of his plea

agreement, Wynn admitted that the sawed-off shotgun was a firearm as defined in 26 U.S.C. § 5845(a)(1) and (2).

U.S. Sentencing Guidelines § 2K2.1 establishes the sentencing range for Wynn's convictions. Wynn had two prior felony convictions for crimes of violence, which caused his Base Offense Level to be set at 26. The Presentence Report further determined that a two-level enhancement was warranted because Wynn's offense involved a destructive device as described in 26 U.S.C. 5845(a). Application Note 11 to § 2K2.1 permits what would otherwise appear to be "double counting" by expressly providing that "a defendant whose offense involves a destructive device receives both the base offense level from the subsection applicable to a firearm listed in 26 U.S.C. § 5845(a) . . . , and a two-level enhancement under subsection (b)(3)." U.S. Sentencing Guidelines Manual § 2K2.1, cmt. n.11 (2002).

Wynn filed a Sentencing Memorandum objecting to the two-level increase for possession of a destructive device. He argued that the definition of a destructive device in Application Note 4 to § 2K2.1 does not encompass a sawed-off shotgun. First, he suggested that Application Note 4's language that a destructive device "is *a type* of firearm listed in 26 U.S.C. § 5845(a)" means that a destructive device is simply "one type" of firearm listed in that provision. The government, on the other hand, interprets the same phrase to mean that "all types" of firearms listed in § 5845(a) are destructive devices. Second, Wynn argued that because 18 U.S.C. § 924(c)(1)(B) imposes vastly different penalties on defendants who possess a destructive device as opposed to a sawed-off shotgun while committing a violent or drug-trafficking crime, the two items should not be treated as equivalents under § 2K2.1. The government responds by questioning the relevance of the penalty scheme under § 924(c)(1)(B) to the Sentencing Guideline in question.

At sentencing, the district court raised an additional point. The court found that the definition of a destructive device in

26 U.S.C. § 5845(f) was "broad enough to include a sawed-off shotgun." Specifically, the court noted that a shotgun with a bore of more than a half inch in diameter is by definition a destructive device under § 5845(f), unless it is the kind of shotgun appropriate for sporting purposes. "And in this case," the court stated, "the shotgun had a bore of more than a half-inch diameter." Sawed-off shotguns, moreover, are not used for sporting purposes.

The district court ultimately applied the two-level enhancement because it agreed with the government's interpretation that any firearm listed in § 5845(a), such as a sawed-off shotgun, is a destructive device. For further support, the court reiterated that the definition of destructive device under § 5845(f) "gives all indication that this [sawed-off shotgun] should be considered to be a destructive device." This timely appeal followed.

## II. ANALYSIS

### A. Standard of review

"In reviewing a sentence imposed under the Sentencing Guidelines, we are required by statute to 'accept the findings of fact of the district court unless they are clearly erroneous and to give due deference to the district court's application of the guidelines to the facts.'" *United States v. Horn*, 255 F.3d 610, 612 (6th Cir. 2004) (quoting 18 U.S.C. § 3742(e)).

We "must follow the clear and unambiguous language of the Sentencing Guidelines when interpreting and applying specific provisions." *United States v. Young*, 266 F.3d 468, 484 (6th Cir. 2001). The "[s]entencing guidelines should be read as written," *United States v. Cobb*, 250 F.3d 346, 349 (6th Cir. 2001), and the "commentary . . . is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Lewis*, 156 F.3d 656, 660 (6th Cir. 1998) (citation and quotation marks omitted).

## B. Interpretation of the term "destructive device"

### 1. Application Note 4, Sentencing Guidelines § 2K2.1

A defendant convicted of unlawfully possessing a firearm is potentially subject to Sentencing Guidelines § 2K2.1(b)(3), which provides for a two-level enhancement to the base offense level if the offense involved a destructive device. Application Note 4 defines a "destructive device" in the following manner:

"Destructive device" *is a type of firearm listed in 26 U.S.C. § 5845(a), and includes* any explosive, incendiary, or poison gas - - (i) bomb, (ii) grenade, (iii) rocket having a propellant charge of more than four ounces, (iv) missile having an explosive or incendiary charge of more than one-quarter ounce, (v) mine, or (vi) device similar to any of the devices described in the preceding clauses; any type of weapon which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter; or any combination of parts either designed or intended for use in converting any device into any destructive device listed above. For a more detailed definition, refer to 26 U.S.C. § 5845(f).

U.S. Sentencing Guidelines Manual § 2K2.1, cmt. n.4 (2002) (Emphasis added). Section 5845(a) provides in turn:

The term "firearm" means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle . . . ; (4) a weapon made from a rifle . . . ; (5) any other weapon, as defined in subsection (e); (6) a machine gun; (7) any silencer . . . ; and (8) *a destructive device.*

(Emphasis added.)

Wynn does not dispute that § 5845(a)(1) and (2) cover the shotgun that was in his possession. He argues instead that when Application Note 4 states that a destructive device "is a type of firearm listed in 26 U.S.C. § 5845(a)," this simply means that a destructive device is *one* type of firearm listed in § 5845(a), i.e., a destructive device under subsection (8). Wynn points out that if a sawed-off shotgun is considered a destructive device, then it would be redundant to describe shotguns and modified shotguns in (a)(1) and (a)(2), respectively, and still list "destructive devices" as a separate category in (a)(8).

In contrast, the government reads Application Note 4's phrase "is a type of firearm listed in 26 U.S.C. § 5845(a)" as meaning that *all* firearms listed in § 5845(a) are destructive devices. Because Wynn admits that his shotgun is covered by § 5845(a)(1) and (2), the government contends that the shotgun is by definition a destructive device. We find this interpretation awkward for two reasons. First, the government's reading is circular: if the term "destructive device" applies to all of the firearms listed in § 5845(a), which includes the category "a destructive device" under subsection (a)(8), then this leads us back to where we started. Second, if everything listed in § 5845(a) is a destructive device, then why are the examples in Application Note 4 (e.g., a bomb, grenade, rocket, etc.) exclusively drawn from the comprehensive definition of a destructive device found in § 5845(f)? Why are the other weapons listed in § 5845(a) (e.g., a sawed-off shotgun, machine gun, silencer, etc.) not given as examples as well.

We have found no satisfactory answers to these questions, and therefore discount the government's interpretation of Application Note 4. On the other hand, for the reasons set forth in Part II.B.3. below, we conclude that Wynn's alternative interpretation provides him with no basis for relief.

### 2. *Relevance of 18 U.S.C. §§ 921(a) and 924(c)*

Wynn also points to the statutory definitions and penalties set forth in Title 18 of the United States Code to support his theory that a sawed-off shotgun should not be considered a destructive device for the purposes of Sentencing Guidelines § 2K2.1. A person convicted of a crime of violence or a drug trafficking crime, who possesses a firearm when committing the offense, is subject to the following penalties under § 924(c)(1):

(B) If the firearm possessed by a person

(i) is a short-barreled rifle, *short-barreled shotgun*, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of *not less than 10 years*; or

(ii) is a machine gun or a *destructive device*, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of *not less than 30 years*.

18 U.S.C. § 924(c)(1)(B) (Emphasis added.) This court has recognized that § 924(c) demonstrates Congress's intent to punish defendants using destructive devices more severely than those using sawed-off shotguns. *United States v. Sims*, 975 F.2d 1225, 1236 (6th Cir. 1992) (observing that the penalty scheme presumably reflects Congress's belief that machine guns and explosive devices are more dangerous than short-barreled rifles and sawed-off shotguns).

Whether a defendant used a "destructive device" for the purposes of § 924(c) is determined by the definition of that term in 18 U.S.C. § 921(a)(4), which is identical to the definition found in 26 U.S.C. § 5845 (f). According to § 921(a)(4), a "destructive device" means:

(A) any explosive, incendiary, or poison gas—(i) bomb, (ii) grenade, (iii) rocket . . . , (iv) missile . . . , (v) mine, or [similar device];

(B) any type of weapon . . . by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter[.]

Wynn therefore argues that because Congress's penalty scheme in § 924(c) clearly differentiates between a destructive device and a sawed-off shotgun, the Sentencing Guidelines § 2K2.1 should do the same.

We acknowledge that Congress intended, at least for the purposes of Title 18, to differentiate between a destructive device and a sawed-off shotgun. But "when two statutes conflict to some degree they should be read together to give effect to each if that can be done. . . ." *Muller v. Lujan*, 928 F.2d 207, 211 (6th Cir. 1991). Perhaps Congress believed that there was no reason to differentiate between failing *to register* a sawed-off shotgun and, say, a grenade. Section 5861(d), after all, punishes the failure to register such items, and the maximum statutory penalty for the violation of this provision is 10 years' imprisonment. On the other hand, in 18 U.S.C. § 924(c), Congress presumably concluded that different minimum penalties were appropriate—10 years versus 30 years—for individuals who possess a firearm while committing violent or drug crimes, depending on whether they had a sawed-off shotgun as opposed to a grenade.

We see no need, however, to speculate further about the reason for the differential treatment of these items in Title 26 versus Title 18. Wynn was convicted of violating 26 U.S.C. § 5861(d), not 18 U.S.C. § 924(c). Sentencing Guidelines § 2K2.1 establishes the sentencing range for violations of 26 U.S.C. § 5861(d), and we must apply the definition of a destructive device as found in Application Note 4. *See United*

*States v. Jones*, 107 F.3d 1147, 1164 n.16 (6th Cir. 1997) (commenting that we should "confine our inquiry to the Guidelines themselves and not [] venture out on a sojourn throughout the United States Code"). The inconsistency, in other words, is noted but not deemed determinative.

### 3. *The definition of destructive device in 26 U.S.C. § 5845(f)*

Unlike the district court, we think that Wynn's construction of Application Note 4's opening phrase is plausible, but we do not find it dispositive. We find more compelling the district court's observation that the definition of destructive device, both in Application Note 4 and in 26 U.S.C. § 5845(f), is broad enough to include a sawed-off shotgun for a different reason. To recap, Application Note 4 states in part that a destructive device

> includes . . . *any type of weapon, which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter*; or any combination of parts either designed or intended for use in converting any device into any destructive device listed above. For a more detailed definition, refer to 26 U.S.C. § 5845(f).

(Emphasis added.) The detailed definition at 26 U.S.C. § 5845(f) in turn provides:

> The term destructive device means (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket . . . , (D) missile . . . , (E) mine, or (F) similar device; (2) *any type of weapon by whatever name known which will, or which may readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter*, except a shotgun or shotgun shell which the Secretary finds is generally

recognized as particularly suitable for sporting purposes[.]

A weapon that expels a projectile by the action of an explosive fairly describes a firearm. A sawed-off shotgun certainly is designed to expel a projectile (lead pellets) by means of an explosive or other propellant (gunpowder). The district court stated at the sentencing hearing that Wynn's shotgun had a bore of more than a half-inch diameter, thus making his weapon a destructive device under the language of both Application Note 4 and the "detailed definition" found in 26 U.S.C. § 5845(f).

Our conclusion that Congress intended to include sawed-off shotguns within the definition of a destructive device is also supported by the legislative history of the Gun Control Act of 1968, 18 U.S.C. §§ 921-950. Congress passed the Act to amend Title 18's regulations on the transfer and sale of firearms. Conf. Rep. No. 90-1956 (1968), *reprinted in* 1968 U.S.C.C.A.N. 4426. The Gun Control Act also revised the National Firearms Act, 26 U.S.C. §§ 5801-5880, "to cover additional weapons, most notably destructive devices." 1968 U.S.C.C.A.N. at 4434. Because, as discussed above, the definition of a destructive device is identical in both 18 U.S.C. § 921(a)(4) and 26 U.S.C. § 5845(f), the legislative history from the Gun Control Act sheds light on Congress's intent in formulating these matching provisions. *See United States v. Posnjak*, 457 F.2d 1110, 1113, 1114 (2d Cir. 1972) (noting that the Gun Control Act included "destructive devices" for the first time in Title 18, somewhat redefined "destructive devices" for Title 26, and that the definitions were identical).

In the Conference Report on the Gun Control Act, the House managers described the compromise reached on the definition of destructive device for Title 18:

> The House bill defined the term "destructive device" to mean any explosive, incendiary, or poison gas bomb,

grenade, mine, rocket, missile or similar device and to include any type of weapon which will or is designed to or may be readily converted to expel a projectile by the action of any explosive and which has any barrel with a bore of one-half inch or more in diameter. It excluded from such term the following: Any device which is not used, or which is not intended to be used, as a weapon, any shotgun *other than a short-barreled shotgun*, any nonautomatic rifle (other than a short-barreled rifle) generally recognized or particularly suitable for hunting big game. . . .

1968 U.S.C.C.A.N. at 4427 (Emphasis added.) The House definition explicitly states that short-barreled shotguns are not excluded from the definition of a destructive device. In other words, they are considered destructive devices. Congress adopted the Senate amendment's definition of a destructive device, but stated that it was "essentially the same as the House bill." *Id*. The Senate changed the language describing the exceptions to what was considered a destructive device. Under the Senate's formulation,

excluded from the definition are shotguns and shotgun shells found by the Secretary to be suitable for sporting purposes, and any device which the Secretary finds is an antique or a rifle which the owner intends to use solely for sporting purposes. Further, the Senate amendment does not specifically exclude the nonautomatic rifles excluded by the House bill.

*Id.*

In sum, the only types of firearms that are not considered destructive devices for the purposes of U.S. Sentencing Guidelines § 2K2.1 are those that are used "solely for sporting, recreational, or cultural purposes," 18 U.S.C. § 921(a)(4) and 26 U.S.C. § 5845(f)(3), or, by necessary inference, ones that have a bore of one-half inch or less in

diameter. 18 U.S.C. § 921(a)(4)(B) and 26 U.S.C. § 5845(f)(2).

We have found only one case, *United States v. Demko*, 216 F.3d 1049 (Fed. Cir. 2000), where the parties actually litigated whether a shotgun fell within § 5845(f)(2)'s definition of destructive device. The defendants in *Demko* contended that the Bureau of Alcohol, Tobacco and Firearms (ATF) had improperly applied the term to a Striker-12 shotgun. They argued that "the qualifying clause of the statute 'which the Secretary finds is generally recognized as particularly suitable for sporting purposes' should be interpreted to only modify the term 'shotgun shell' and thus exclude the word 'shotgun' from the definition of 'destructive device.'" *Id.* at 1051.

The Federal Circuit rejected this argument because "the plain language of § 5845(f)(2) indicates that the qualifying clause modifies both 'shotgun' and 'shotgun shell.'" *Id.* at 1052. To interpret the clause as modifying only "shotgun shell" would, moreover, lead to the absurd result that shotguns are not destructive devices, but that all shotgun shells (except ones used for sporting purposes) are. *Id.* at 1053. The *Demko* court therefore held that the ATF properly determined that the Striker-12 shotgun was a destructive device because "the gun is a military-type shotgun, rather than one suitable for sporting purposes." *Id.* at 1051. The Eighth Circuit has also held that a sawed-off shotgun is a destructive device, albeit without any analysis. *See United States v. Lee*, 351 F.3d 350, 351 n.1 (8th Cir. 2003) (summarily affirming the district court's conclusion that "an unregistered sawed-off . . . shotgun[] meets the statutory definition of destructive device" as found in 26 U.S.C. § 5845(f)). We reach the same conclusion regarding Wynn's sawed-off shotgun because it is a destructive device as defined by Application Note 4 to U.S. Sentencing Guidelines § 2K2.1.

## III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.