**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Musante D. JONES, Defendant–
Appellant.**

**No. 03–6259.**

United States Court of Appeals,
Sixth Circuit.

Aug. 20, 2004.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

---

* The Honorable Kathleen M. O'Malley, of the United States District Court for the Northern District of Ohio, sitting by designation.

## ORDER

Musante D. Jones, proceeding through counsel, appeals the sentence imposed upon his conviction for felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On September 17, 2002. Jones was indicted for being a felon in possession of ammunition and being a felon in possession of a firearm, both in violation of 18 U.S.C. § 922(g). On May 6, 2003, Jones pled guilty to felon in possession of ammunition, in exchange for the dismissal of the remaining charge. Following the preparation of a presentence investigation report, the district court sentenced Jones to serve 112 months of imprisonment, serve three years of supervised release, and pay a special assessment in the amount of $100.

Jones filed a timely appeal, in which he argues that the district court erred by: (1) calculating his base offense level under USSG § 2K2.1(c)(1)(A) by cross-referencing the attempted first-degree murder guideline found at USSG § 2A2.1(a)(1), instead of the aggravated assault guideline found at USSG § 2A2.2(a); and (2) increasing his base offense level by two levels pursuant to USSG § 3C1.1 for obstruction of justice. The parties have waived oral argument.

We review a district court's findings of fact at sentencing for clear error and its interpretation of the sentencing guidelines de novo. *United States v. Orlando*, 363 F.3d 596, 600 (6th Cir.2004); *United States v. Nesbitt*, 90 F.3d 164, 168 (6th Cir.1996). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Russell*, 156 F.3d 687, 690

(6th Cir.1998) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). Moreover, the court "must follow the clear and unambiguous language of the Sentencing Guidelines when interpreting and applying specific provisions." *United States v. Wynn*, 365 F.3d 546, 548 (6th Cir.2004) (quoting *United States v. Young*, 266 F.3d 468, 484 (6th Cir.2001)).

■ Upon review, we conclude with respect to Jones's first argument, that the district court had before it ample evidence of Jones's attempt to commit first-degree murder within the meaning of § 2A2.1(a)(1). The applicable sentencing guideline for felon in possession of ammunition is § 2K2.1. Pursuant to § 2K2.1(b)(5), the base offense level provided by § 2K2.1(a) is increased by four levels if the ammunition was possessed "in connection with another felony offense." However, § 2K2.1(c)(1)(A) directs the court to apply the provisions of USSG § 2X1.1 if the defendant possessed the ammunition "in connection with the commission or attempted commission of another offense ... if the resulting offense level is greater than that determined" under § 2K2.1. Section 2X1.1(c)(1), in turn, states that "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section." Section 2A2.1(a)(1) applies "if the object of the offense would have constituted first degree murder" as defined in 18 U.S.C. § 1111.

The district court found Memphis Police Officer Tabler's testimony more credible than Jones's testimony and also found, by a preponderance of the evidence, that Jones shot at Tabler with the intent to harm Tabler after Tabler ordered him out of his vehicle. Specifically, the district court found "that there is sufficient evi-

dence that has been presented to the court to believe that there was a willful and deliberate and malicious intent to commit first degree murder by Mr. Jones." The district court's findings of fact are not clearly erroneous and the evidence that was presented supports the district court's application of § 2A2.1(a)(1) when calculating Jones's base offense level.

▪ We further conclude with respect to Jones's second argument, that the district court properly enhanced Jones's base offense level by two levels pursuant to § 3C1.1 for obstruction of justice. Under § 3C1.1, a sentencing court may increase the defendant's offense level by two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." The commentary to that guideline provides that "committing, suborning, or attempting to suborn perjury" and "providing materially false information to a judge or magistrate" is within the scope of conduct requiring sentence enhancement. USSG § 3C1.1, comment. (n.4(b) and (f)). The district court must identify the testimony which it finds to be false and perjurious before the enhancement may be applied. *United States v. Nash,* 175 F.3d 429, 438 (6th Cir.1999).

The district court determined that Jones had provided materially false information to the court during the sentencing hearing and the court identified some of those false statements. The district court found Officer Tabler's testimony more credible than Jones's testimony based upon the testimony and the objective physical evidence that was presented to the court. Moreover, the district court determined that Jones provided the false testimony in an effort to convince the court not to apply the applicable sentencing guideline for attempted murder when calculating his base offense level. The district court's findings sufficiently establish that Jones provided false testimony and that such testimony was material to the court's determination as to the application of certain sentencing guidelines.

Accordingly, we affirm the district court's judgment.