NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0534n.06
Filed: July 31, 2006

No. 05-3563

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DEMETRIUS WYNN, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

**Before: COLE and GILMAN, Circuit Judges; and SCHWARZER, Senior District Judge.**[*]

**RONALD LEE GILMAN**, **Circuit Judge.** Demetrius Wynn appeals his sentence after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and to possessing an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d). The district court enhanced Wynn's advisory Sentencing Guidelines range by two levels after determining that the sawed-off shotgun was a destructive device, and it sentenced Wynn to 100 months of imprisonment. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. ANALYSIS**

On May 2, 2002, police officers observed Wynn discard a sawed-off shotgun during a high-speed vehicle chase. Wynn subsequently pled guilty to being a felon in possession of a firearm and to possessing an unregistered sawed-off shotgun. As part of his plea agreement, Wynn "admitted that the sawed-off shotgun was a firearm as defined in 26 U.S.C. § 5845(a)(1) and (2)." *United*

---

[*]The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*States v. Wynn*, 365 F.3d 546, 547 (6th Cir. 2004), *vacated on other grounds*, 125 S. Ct. 1026 (2005). The probation officer prepared a Presentence Report (PSR), which stated that Wynn's base offense level was 26. It also recommended a two-level enhancement, pursuant to United States Sentencing Guideline (USSG) § 2K2.1, cmt. n.11, because the offense involved a firearm that qualified as a destructive device.

Wynn's attorney objected at sentencing to the two-level enhancement, but the district court applied the enhancement to Wynn's base offense level after concluding that the sawed-off shotgun qualified as a destructive device. The court then allowed a three-level downward departure for Wynn's acceptance of responsibility. Wynn's net offense level was therefore set at 25 and his criminal history category was determined to be V. He was sentenced to 115 months of imprisonment on each of the two counts, to be served concurrently.

Wynn appealed to this court, again arguing that the sawed-off shotgun did not qualify as a destructive device, and that the sentence enhancement was therefore not warranted. We considered the issue and found that

> the only types of firearms that are not considered destructive devices for the purposes of U.S. Sentencing Guidelines § 2K2.1 are those that are used "solely for sporting, recreational, or cultural purposes," 18 U.S.C. § 921(a)(4) and 26 U.S.C. § 5845(f)(3), or, by necessary inference, ones that have a bore of one-half inch or less in diameter. 18 U.S.C. § 921(a)(4)(B) and 26 U.S.C. § 5845(f)(2).

*Wynn*, 365 F.3d at 552. We therefore affirmed the district court's judgment. *Id*.

Subsequently, Wynn filed a petition for a writ of certiorari to the United States Supreme Court. The Supreme Court granted certiorari, stating as follows: "The judgment is vacated and the case is remanded to the United States Court of Appeals for the Sixth Circuit, for further consideration in light of *United States v. Booker* . . . ." *Wynn*, 125 S. Ct. at 1026. In doing so, the Supreme Court did not reach the merits of Wynn's claim regarding the sawed-off shotgun.

We then remanded the case to the district court for resentencing pursuant to the Supreme Court's opinion. The district court held a resentencing hearing, during which the following exchange occurred:

> MR. FLEMING [DEFENSE COUNSEL]: For the sake of preservation, in light of the fact the Supreme Court didn't address the issue, I would renew our objection to the determination that a sawed-off shotgun is a destructive device. However, I understand the Sixth Circuit issued an opinion that a sawed-off shotgun would constitute a destructive device.
>
> THE COURT: I will overrule that for the reasons before, and the law requires me to follow the Sixth Circuit's ruling on that.
>
> MR. FLEMING: I understand, your Honor.

The district court then stated that the base offense level was 26, that a two-level enhancement was warranted because the shotgun was a destructive device, that Wynn was entitled to a three-level downward departure for acceptance of responsibility, and that his net offense score was again 25. Further, his criminal history category was once more determined to be V. Wynn's Guidelines range was therefore 100 to 125 months of imprisonment. The district court then considered the factors set forth in 18 U.S.C. § 3553(a) to determine what an appropriate sentence should be in Wynn's case. Wynn was resentenced to 100 months of imprisonment, which is 15 months less than his original sentence.

He has now filed a timely appeal of his new sentence. The sole issue raised in his brief is as follows: "Did the district court impose an unreasonable sentence by improperly applying an enhancement for possession of a destructive device under USSG § 2K2.1(b)(3)?"

When reviewing sentencing decisions, a district court's factual findings will not be set aside unless clearly erroneous, but its conclusions of law are reviewed de novo. *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). The issue raised by Wynn can be broken down into

two parts:  (1) whether the district court improperly applied the enhancement for possession of a destructive device under USSG § 2K2.1(b)(3); and (2) whether the sentence imposed is reasonable.

As for the first part concerning whether the enhancement for possessing a destructive device was proper, we review the district court's decision de novo because it involves the "district court's interpretation of the Sentencing Guidelines." *United States v. Gibson*, 409 F.3d 325, 338 (6th Cir. 2005).  Wynn argues that because the Supreme Court vacated this court's decision in *Wynn*, 365 F.3d at 546, the district court improperly stated that it was required to follow our prior ruling on the destructive-device issue.

Although Wynn is correct in this assertion, the district court also stated during the sentencing rehearing that the defendant's objection was overruled based on the reasons the district court had set forth in the original sentencing hearing.  In addition, after we issued our prior decision in this case, the Fifth Circuit Court of Appeals held that "a sawed-off shotgun with a barrel diameter of more than one-half inch meets the definition of 'destructive device' set forth in the guideline commentary." *United States v. Henry*, 417 F.3d 493, 494 (5th Cir. 2005).  The Fifth Circuit's decision in *Henry* was issued post-*Booker*, and the United States Supreme Court denied certiorari in that case.

In the present case, Wynn pled guilty to counts one and two of the indictment, which alleged that the sawed-off shotgun in question was a .20 gauge shotgun.  A .20 gauge shotgun has a bore of .615 of an inch, *see People v. Cortez*, 442 N.Y.S.2d 873, 874 (N.Y. Sup.  1981), and Wynn pleaded guilty to possessing a shotgun with a bore of *more* than one-half inch.  We agree with *Henry*, 417 F.3d at 494, that a sawed-off shotgun with a bore of more than one-half inch qualifies as a "destructive device." Further, Wynn does not assert that the sawed-off shotgun in question was used for sporting purposes.  The exception contained in 26 U.S.C. § 5845(f)(2) is therefore inapplicable.

*Henry*, 417 F.3d at 494. We thus reaffirm our prior holding in *Wynn*, 365 F.3d at 552, that the district court properly applied the two-level sentence enhancement under USSG § 2K2.1 on the basis that the shotgun in question was a destructive device.

The second part of Wynn's claim concerns the reasonableness of his sentence. *United States v. Booker*, 543 U.S. 220, 245-46 (2005), directs appellate courts in determining reasonableness to consider not only the length of the sentence, but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination. We may thus conclude that a sentence is unreasonable "when the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (quotation marks omitted).

In determining what an appropriate sentence might be in the present case, the district court looked to the nature and characteristics of Wynn's offense and the characteristics of Wynn himself. The court noted that, in the past, Wynn had been imprisoned for short periods of time, but soon after release from prison, he committed another crime. Regarding the nature and circumstances of the offense, the district court found that there were no aggravating circumstances, and that the offense was the typical type of offense that the Guidelines had taken into account. As for Wynn's personal characteristics, the court found that Wynn had a lengthy criminal record, and that his prior record shows that he has difficulty abiding by his parole restrictions.

Regarding the seriousness of the offense, the district court found that the offense did not warrant imposing a sentence higher or lower than the Guidelines range. As for the requirement that the sentence provide just punishment for the offense, the court stated that the range of 100 to 125 months was very severe, and found that a sentence lower than the mid-range or upper-range was

warranted. In determining what sentence was required to adequately deter Wynn from committing future offenses, the court noted that although Wynn alleged that he had turned his life around, he had a tendency to commit further offenses when provided leniency in the past. The court also stated that Wynn's tendency to commit new offenses upon release from prison was an indication that the public needed to be protected from him. Finally, the district court stated that it was necessary to provide Wynn with training. The court noted that Wynn had been taking advantage of the training opportunities provided to him in prison, and the court encouraged Wynn to continue to do so.

After considering the aforementioned sentencing factors, the district court concluded that a sentence of 100 months' imprisonment was appropriate, which was the lowest sentence in the range. Because the district court properly considered the Guidelines range, as well as the factors set forth in 18 U.S.C. § 3553(a), and discussed them at length prior to imposing the 100-month sentence, we conclude that the sentence the district court imposed was reasonable.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.