NOT-RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0232n.06

No. 13-5780

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 27, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| EARNEST RAY ADAMS, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |

BEFORE: KEITH, SILER, and ROGERS, Circuit Judges

**DAMON J. KEITH, Circuit Judge.** Defendant Earnest Ray Adams pleaded guilty to possessing cocaine with the intent to distribute and to being a felon in possession of a firearm. The district court found that Adams' weapon, a shotgun with a shortened barrel and removed stock, was a "destructive device," applied a two-level sentencing enhancement to his base offense level, and sentenced him to 130 months of imprisonment. On appeal, Adams argues that the sentencing enhancement was improper because his weapon falls under the "shotgun shell" exception in 26 U.S.C. § 5845(f)(2). For the reasons set forth below, we **AFFIRM**.

## I. BACKGROUND

Earnest Ray Adams was arrested for trafficking in cocaine. Officers located a Harrington & Richardson 12-gauge short-barreled shotgun and several bags of cocaine under a mattress in the bedroom of his residence. Adams subsequently pleaded guilty to knowingly and intentionally possessing with the intent to distribute a mixture or substance containing a detectable amount of

1

cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), and knowingly possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the district court applied a two-level enhancement to Adams' base offense level, finding that his weapon was a "destructive device" as defined in 26 U.S.C. § 5845(f). Adams now appeals, arguing that the district court's sentencing enhancement was improper as his weapon falls under the "shotgun shell" exception codified in 26 U.S.C. § 5845(f)(2).

## II. STANDARD OF REVIEW

This Court reviews the district court's factual findings regarding the application of the firearms enhancement for clear error. *United States v. Johnson*, 344 F.3d 562, 565 (6th Cir. 2003). We review conclusions of law, however, including whether the enhancement for possessing a destructive device was proper, *de novo*. *United States v. Ward*, 506 F.3d 468, 474 (6th Cir. 2007).

## III. ANALYSIS

The only issue before this Court is whether a shotgun with a shortened barrel and removed stock is a "destructive device" for sentencing guidelines purposes. The Sentencing Guidelines provide for a two-level enhancement to the base offense level if the offense involves a "destructive device." U.S.S.G. § 2K2.1(b)(3). A destructive device is defined by statute, in relevant part, as

> any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, *except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes*.

26 U.S.C. § 5845(f)(2) (emphasis added).

2

Adams contends that his firearm is "specifically excluded" from the definition of destructive device because it is only capable of firing a shotgun shell.[1]  This argument is unavailing, however, because as the district court concluded and the parties concede, Adams' weapon, as modified, is not a shotgun, as it was not intended to be fired from the shoulder.  The weapon is also quite obviously not a shotgun shell.

Further, Section 5845(f) only exempts shotguns and shotgun shells "which the Secretary finds [are] generally recognized as particularly suitable for sporting purposes."  26 U.S.C. § 5845(f)(2);  *see also United States v. Wynn*, 365 F.3d 546, 552 (6th Cir. 2004), *vacated on other grounds by Wynn v. United States*, 543 U.S. 1102 (2005) ("[T]he only types of firearms that are not considered destructive devices for the purposes of U.S. Sentencing Guidelines § 2K2.1 are those that are used 'solely for sporting, recreational, or cultural purposes,' or, by necessary inference, ones that have a bore of one-half inch or less in diameter.") (citations omitted).

We have previously held that sawed-off shotguns do not fall within the "sporting purposes" exception and Adams has put forth no argument to the contrary.  *See United States v. Wynn*, 191 F. App'x 393, 394 (6th Cir. 2006).  Indeed, as the Seventh Circuit explained in *United States v. Miller*, the weapon's modifications actually made it more dangerous and less likely that it would be used for sporting or recreational purposes:

> People do not shorten their shotguns to hunt or shoot skeet.  Instead, the shortened barrel makes the guns easier to conceal and increases the spread of the shot when firing at close range—facts that spurred Congress to require the registration of all sawed-off shotguns, along with other dangerous weapons like bazookas, mortars, pipe bombs, and machine guns.

---

[1] That Adams' weapon is only capable of firing a single 12-gauge shotgun shell is not in dispute.

721 F.3d 435, 442 (7th Cir. 2013) (quoting *United States v. Upton*, 512 F.3d 394, 404 (7th Cir. 2008); *see also United States v. Shaw*, 670 F.3d 360, 368-69 (1st Cir. 2012) (Boudin, J., concurring) ("Sawed-off shotguns are notoriously associated not with hunting but with crime.").

Because Adams' weapon was neither a shotgun nor a shotgun shell, and because it could not be used "solely for sporting, recreational, or cultural purposes," the district court's two-level enhancement was proper. The judgment of the district court is **AFFIRMED**.