**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30119 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00070-RMP-1 |
| v. | |
| THOMAS MARTIN ROBERTS, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30120 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00047-RMP-1 |
| v. | |
| THOMAS MARTIN ROBERTS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted July 10, 2020**
Seattle, Washington

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON, D.M. FISHER,*** and M. SMITH, Circuit Judges.

Thomas Roberts pled guilty to being a felon in possession of a firearm and ammunition,[1] possession of an unregistered firearm,[2] and cyberstalking.[3] He appeals his sentence. We affirm.

The district court did not impermissibly double count when it relied on the same weapon as the basis for both the base offense level, U.S.S.G. § 2K2.1(a)(4)(B), and an enhancement, U.S.S.G. § 2K2.1(b)(3)(B). "[I]mpermissible double counting occurs . . . where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines." *United States v. Reese*, 2 F.3d 870, 895 (9th Cir. 1993). "If, on the other hand, it is possible to be sentenced under a particular offense guideline without having engaged in a certain sort of behavior, such behavior may be used to enhance the offense level." *Id.* Here, it was possible for Roberts to be assigned the base offense level without possessing a destructive device. All that was necessary was that he possess a "firearm," U.S.S.G. § 2K2.1(a)(4), a term that

---

*** The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.
[1] 18 U.S.C. §§ 922(g)(1), 924(a)(2).
[2] 26 U.S.C. §§ 5845(a), (f), and 5861(d).
[3] 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5), (6).

has eight different statutory definitions—only one of which is "destructive device," 26 U.S.C. § 5845(a). Therefore, Roberts' possession of the destructive device could be used to enhance his offense level. *Reese*, 2 F.3d at 895.[4]

Nor did the Government need to present evidence establishing the length and bore diameter of the shotgun. Roberts argues that he did not waive this issue because he "broadly objected to the destructive device enhancement as double counting." However, objecting to double counting (a legal issue) did not put the Government or the district court on notice that evidence was needed about the gun's measurements (a decidedly factual issue). Roberts' failure to object to this aspect of his presentence report has two consequences: the district court was entitled to "accept[] as accurate" the report's statement of the shotgun's measurements, and we "review[] only for plain error." *United States v. Scrivner*, 114 F.3d 964, 967 (9th Cir. 1997).

There was no plain error. The district court concluded that the firearm was

---

[4] Although *Reese* is sufficient, by itself, to support affirmance, we also note that the district court applied the Guideline in accordance with the Application Note. *See* U.S.S.G. § 2K2.1 n.7 ("A defendant whose offense involves a destructive device receives both the base offense level from the subsection applicable to a firearm listed in 26 U.S.C. § 5845(a) . . . and the applicable enhancement under subsection (b)(3)."). "[A]n Application Note 'that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.' " *United States v. Prien-Pinto*, 917 F.3d 1155, 1157 (9th Cir. 2019) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

both (i) a "shotgun having a barrel or barrels of less than 18 inches in length" and (ii) a "destructive device," specifically a "weapon . . . which will . . . expel a projectile by the action of an explosive . . . , the barrel or barrels of which have a bore of more than one-half inch in diameter." 26 U.S.C. § 5845(a)(1), (8), (f)(2). Either conclusion was sufficient to apply U.S.S.G. § 2K2.1(a)(4), so no barrel-length finding was necessary.

As for the bore, we take judicial notice that a 12-gauge shotgun has a bore diameter of more than a half inch. *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n.4 (9th Cir. 2008) (court may "take judicial notice of" fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" (quoting Fed. R. Evid. 201(b))); *United States v. Henry*, 417 F.3d 493, 494 (5th Cir. 2005) (taking judicial notice that a 12-gauge shotgun has a bore diameter of more than a half inch); Migratory Bird Hunting Regulations for Restriction of Shotshell Length, Shot Size, and Shot Coatings, 58 Fed. Reg. 35,332 (June 30, 1993) ("[T]he nominal bore diameter of a 12 gauge shotgun barrel is 0.730 inches.").

The district court did not err in applying U.S.S.G. § 2K2.1(b)(4), which provides for a two-level enhancement "[i]f any firearm . . . was stolen." Roberts contends there is no evidence he knew his weapons were stolen, but we have held repeatedly that "the strict-liability enhancement of § 2K2.1(b)(4) . . . is

4                                                    19-30119

constitutional." *Prien-Pinto*, 917 F.3d at 1156.

Roberts' sentence is not substantively unreasonable. The district court held a lengthy sentencing hearing and then provided "rational and meaningful" explanations (oral and written) for its decision to impose a within-Guidelines sentence. *United States v. Ruiz-Apolonio*, 657 F.3d 907, 911 (9th Cir. 2011) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)). Under the totality of the circumstances, there was no abuse of discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). In addition, it was within the district court's discretion to direct that Roberts' federal sentence run consecutively to his state sentence. *Setser v. United States*, 566 U.S. 231, 244 (2012).

**AFFIRMED.**

19-30119