# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1313

_____

United States of America,      *
     *
         Appellee,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    District of Nebraska.
Ryan Daniel Lee,      *
     *
         Appellant.      *

_____

Submitted: October 20, 2003

Filed: December 8, 2003 **(Corrected 12/22/03)**

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Ryan Daniel Lee (Lee) appeals his sentence for possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d) (2000). The Presentence Report recommended a two-level enhancement pursuant to section 2K2.1(b)(3) of the United States Sentencing Guidelines (U.S.S.G.) for possession of a "destructive device,"[1] and Lee filed an objection to the enhancement. The district court[2]

_____

[1]The term "destructive device" is defined in 26 U.S.C. § 5845(f). The parties do not dispute that the weapon possessed by Lee, an unregistered sawed-off Marlin Model 60G .410 caliber shotgun, meets the statutory definition of "destructive

concluded our decision in <u>United States v. Rohwedder</u>, 243 F.3d 423 (8th Cir. 2001), involving an identical challenge to a sentencing enhancement pursuant to section 2K2.1(b)(3) (possession of a destructive device), controlled the case. The district court overruled Lee's objection, and sentenced Lee to 24 months imprisonment. We affirm.

Lee argues imposition of the "destructive device" enhancement constitutes impermissible double counting in violation of the Double Jeopardy Clause. U.S. Const. amend. V. Lee contends possession of a short-barreled shotgun is precisely the harm targeted in the "destructive device" enhancement and is fully accounted for in section 2K2.1(a)(5), which establishes a base offense level of 18. Lee also contends our earlier holding in <u>Rohwedder</u> is distinguishable because, unlike Lee, Rohwedder had a prior felony conviction. <u>See</u> U.S.S.G. § 2K2.1(a)(3).

We review de novo a district court's application of the Sentencing Guidelines, including the issue of double counting. <u>United States v. Kenney</u>, 283 F.3d 934, 936 (8th Cir. 2002). In <u>Rohwedder</u>, the defendant pled guilty to being a felon in possession of a firearm, but denied knowing the shotgun was shortened. The district court found, and our court affirmed, Rohwedder knew the weapon was a sawed-off shotgun. <u>Rohwedder</u>, 243 F.3d at 425-26. At sentencing, the district court applied both subsections 2K2.1(a)(3) and (b)(3). By applying both subsections, Rohwedder argued, the district court engaged in impermissible double counting.

On appeal, we explained "[d]ouble counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of

device." The district court found the shotgun was a "destructive device" within the meaning of 26 U.S.C. § 5845(f). We see no error in that finding.

[2]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

harm that has already been fully accounted for by application of another part of the Guidelines." Id. at 426-27 (quoting United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997)). We further explained, where "the Sentencing Commission intended that result and each section concerns conceptually separate notions relating to sentencing," double counting may be permissible. Id. at 427. Applying the two-part test in Rohwedder, we determined the Sentencing Commission intended both subsections 2K2.1(a)(3) and (b)(3) should be applied to defendants whose offense involved a destructive device, the sawed-off shotgun. Id. We also determined both parts are conceptually separate, with part (a) setting forth the base offense level for certain firearm crimes, and part (b) setting forth specific offense characteristics enhancing the base offense level. Id. We then explained that "[s]ubsection (b)(3) involves a specific definition of destructive device and applies regardless of the base offense level applicable to a particular defendant," and concluded the district court correctly applied the sentencing enhancement. Id.

In this case, the Sentencing Commission's intention that both subsections should apply is evident in Commentary Note 11 to section 2K2.1, which explains:

> A defendant whose offense involves a destructive device receives both the base offense level from the subsection applicable to a firearm listed in 26 U.S.C. § 5845(a) (e.g., subsection . . . (a)(3) . . .), and a two-level enhancement under subsection (b)(3). Such devices pose a considerably greater risk to the public welfare than other National Firearms Act weapons.

U.S.S.G. § 2K2.1, cmt. n.11.

Our conclusion in Rohwedder that "these sections are sufficiently conceptually separate," Rohwedder, 243 F.3d at 427, persuades us Lee's sentence was properly enhanced pursuant to section 2K2.1(b)(3). Furthermore, our declaration in Rohwedder that the (b)(3) enhancement applies "regardless of the base offense level

applicable to a particular defendant," id., defeats Lee's attempt to distinguish the case. Rohwedder's prior felony conviction earned him a higher base offense level pursuant to section 2K2.1(a)(3), but Rohwedder's prior felony conviction does not otherwise distinguish the reasoning in Rohwedder. We therefore affirm Lee's sentence.

_____