# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1381

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Mark Backer, | * | |
| | * | |
| Appellant. | * | |

_____

No. 03-1519

_____

Appeals from the United States
District Court for the
District of North Dakota.

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Mark Backer, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  October 22, 2003

Filed:  April 5, 2004

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.
_____

SMITH, Circuit Judge.

Mark Backer was charged in a four-count indictment with (1) being an unlawful user of a controlled substance and knowingly possessing fifty-four firearms; (2) knowingly possessing a machine gun; (3) possessing a machine gun with an obliterated serial number; and (4) knowingly possessing a "Street Sweeper" shotgun that had not been registered in the National Firearm Registration and Transfer Record. Backer appeals from a final judgment entered by the district court following a jury trial finding him guilty on all counts. For reversal Backer alleges ineffective assistance of counsel. He also contends that the evidence presented at trial was insufficient to establish that he knowingly possessed a machine gun. On cross appeal, the government argues that the district court erred because it did not impose two required enhancements for Backer's possession of a destructive device and possession of a firearm with an obliterated serial number. For the reasons stated below, we affirm the convictions but remand for resentencing.

I. *Facts*

The Mandan Police Department received a tip from a confidential source that Backer was distributing drugs from his machine shop in Mandan. After the officers verified the tip, the police obtained a search warrant for Backer's shop and executed the warrant on January 21, 2002. During the search, officers discovered a periodical showing a residential address for Backer in Bismarck.

The next day, after obtaining a second warrant, the officers searched Backer's Bismarck townhouse. Although Backer owned the residence, an individual named Roger Kottsick lived there. Kottsick voluntarily surrendered a small quantity of methamphetamine to the officers, and agreed to talk with the authorities. Kottsick told

the officers that Backer was living at a machine shop in Bismarck, and that Backer stored his entire supply of methamphetamine on his person or in a workbench at the Bismarck shop. Kottsick also volunteered that he had purchased a gram of methamphetamine, just six-days earlier, from Backer at this shop.

Later in the day, but still on January 22, after obtaining a third search warrant, officers conducted a third search, this time of Backer's Bismarck shop. Officers recovered a "Street Sweeper,"[1] a fully-automatic machine gun, and approximately fifty-four additional firearms from the bedroom in the Bismarck shop. Officers also seized drug paraphernalia and a small amount of methamphetamine.[2]

At Backer's trial, Kottsick testified that he and Backer used methamphetamine together at Backer's Bismarck shop. While there, Kottsick observed firearms in Backer's bedroom. On one occasion he saw Backer's "Street Sweeper" displayed on the bed in the Bismarck shop. According to Kottsick, Backer stated "that he had one other like that one . . . ."

## II. *Legal Analysis*
### A. *Ineffective Assistance*

As a preliminary matter, we believe that Backer's ineffective-assistance claims would be more appropriately addressed in a 28 U.S.C. § 2255 proceeding before the

---

[1] A "Street Sweeper" is a short-barreled twelve-gauge shotgun with a twelve-round drum feed, which originated in South Africa. In 1994, the weapon was classified as a destructive device because the weapon failed to meet sporting-weapon criteria.

[2] On January 21, 2002, Backer's pickup truck was stopped by the officers. Subsequent to the stop, Backer was arrested for possession of drug paraphernalia and possession of a loaded and concealed firearm in a motor vehicle. The vehicle stop was later found to have been made without reasonable suspicion, and all evidence found in Backer's pickup truck was suppressed.

district court where a record can be fully developed. *United States v. Martinez-Cruz,* 186 F.3d 1102, 1105 (8th Cir. 1999) (ineffective-assistance claim best presented in § 2255 motion); *United States v. Santana,* 150 F.3d 860, 863 (8th Cir. 1998) (claims of ineffective assistance are considered on direct appeal "only in those exceptional cases in which the district court has developed a record on the ineffectiveness issues or where the result would otherwise be a plain miscarriage of justice"). Therefore, we decline to address these claims.

### B. *Sufficiency Claim*

Backer also appeals his conviction for knowingly possessing a machine gun. He argues that the government presented insufficient evidence for a reasonable jury to conclude that he knew of the machine gun's automatic-firing capacity. In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, giving it the benefit of all reasonable inferences. *Unites States v. Santos-Garcia*, 313 F.3d 1073, 1080 (8th Cir. 2003). A jury's verdict will be reversed only where no reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

In order to obtain a conviction, the government was required to prove that Backer knew of the machine gun's capability to fire in a fully-automatic manner. *Staples v. United States*, 511 U.S. 600, 603–606 (1994). In announcing this mens rea standard, the Supreme Court noted that its intent was to preclude the imposition of "criminal sanctions on a class of persons whose mental state–ignorance of the characteristics of weapons in their possession–makes their actions entirely innocent." *Staples*, 511 U.S. at 614–615. Backer claims that he is an innocent collector of firearms and often purchases firearms without examining them.

The testimony submitted at trial contradicts Backer's claim. Goeffrey Descheemaeker, a firearm examiner and enforcement officer for the Bureau of Alcohol, Tobacco, and Firearms ("BATF"), testified that Backer's firearm operated

as a machine gun. According to Descheemaeker, the weapon originally had a semi-automatic firing capacity, but the firearm "had been altered to have the configuration of a machine gun receiver." Descheemaeker further testified that these modifications–both internal and external–were obvious. Additionally, Kottsick testified that he saw the "Street Sweeper" on Backer's bed at a time when Backer had several guns displayed on the bed and was "opening them up and taking a look at them." In response to a comment by Kottsick regarding the prohibited "Street Sweeper," Backer replied that he had another weapon "like that one . . ."–allowing an inference to be drawn that Backer possessed two prohibited firearms.

After reviewing the record, we conclude that a jury could reasonably infer from the witness testimony and other evidence presented at trial that Backer was aware that the firearm in question had characteristics of a machine gun, in violation of 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b).

### C. *Enhancements*

Next, we consider the government's cross appeal challenging the district court's refusal to apply two two-level enhancements to Backer's sentence for possessing a destructive device and for possessing a firearm with an obliterated serial number. We review the application of the Guidelines de novo. *United States v. Gomez*, 271 F.3d 779, 781 (8th Cir. 2001). Backer states that our de novo review must be carried out with a level of deference, stating, "[i]t is axiomatic that a trial judge's discretion, while not absolute, is given deference by a reviewing court. The sentence imposed by [the sentencing judge] must be given deference even on a de novo review." However, Backer offers an incorrect explanation of de novo review. "De novo" is a Latin term literally meaning "as new." Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law, and in this case specifically, with the proper application of the Guidelines.

-5-

Here, Backer's Presentence Investigation report ("PSI") recommended a sentencing range of 87–108 months. This computation was based on an enhanced base-offense level of 29[3] and a Criminal History Category of I. The district court rejected the range computation contained in the PSI, refusing to enhance Backer's sentence for possessing a destructive device or for possessing a firearm with an obliterated serial number. The court reasoned:

> [T]he four[-] point reduction from the [G]uidelines computation is based upon my belief that it is, in fact, double counting, but it is also based on my belief that despite the drug usage while on supervised release, the Court believes it is a close question regarding acceptance of responsibility, and I could have gotten part way there with acceptance of responsibility, but I chose to, instead, use the direct and more easily accessible matters [sic] of the two two-part enhancements, which I have removed.

The district court also added that it took "perverse delight in sort of trying to structure a judgment so that everyone has something to lose in the event of an appeal." The record contains no factual finding that Backer accepted responsibility for his crimes, only that the court could have "gotten part way there." In lieu of a complete acceptance-of-responsibility finding, the district court declined to apply two enhancements–totaling four points–to Backer's offense level. Without the two enhancements, Backer's total offense level was set at 25. His resulting Guidelines range was 57–71 months' imprisonment. The district court imposed a sentence of

---

[3] The base-offense level for Backer's convictions is 20. However, the sentence recommendation was enhanced by six points for possessing more than three weapons, by two points for possessing a destructive device, and by an additional two points for possessing a weapon with an obliterated serial number. With these enhancements, Backer's offense level was 30. However Section 2K2.1(b)(4) states that the accumulated-offense level shall not exceed 29, thereby resulting in a recommended sentence range of 87–108 months.

sixty months' imprisonment, which is twenty-seven months below the minimum sentence required for an offense level of 29.

The facts show that both enhancements apply to Backer's sentence. The machine gun had an obliterated serial number, and the "Street Sweeper" qualified as a destructive device. Also, the application of the destructive-device enhancement to Backer's sentence does not constitute double counting. *See United States v. Lee*, 351 F.3d 350 *passim* (8th Cir. 2003) (application of both Guidelines when offense involved destructive device was clearly intended by Sentencing Commission, and subsections were sufficiently conceptually separate notions to support application of both); 26 U.S.C.A. § 5861(d); U.S.S.G. § 2K2.1(a)(4)(B), (b)(3). As such, Backer should be resentenced, with consideration given to all applicable Guideline provisions.

## III. *Conclusion*

For the reasons discussed above, the judgment of the district court is affirmed. However, we vacate Backer's sentence and remand for resentencing consistent with this opinion.

_____