# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1875

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa |
| William Delee Hardy, | * | |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted: November 15, 2004
Filed: December 28, 2004

_____

Before SMITH, LAY, and BENTON, Circuit Judges

_____

BENTON, Circuit Judge.

William Delee Hardy was sentenced to 57 months imprisonment and two years supervised release after pleading guilty to possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5845(a) and 5861(d). Hardy appeals the district court's[1] two-level increase under U.S.S.G. § 2K2.1(b)(3). This court reviews de novo a district court's application of the sentencing guidelines, and its factual findings for

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

clear error.  *See United States v. Rohwedder***, 243 F.3d 423, 425 (8th Cir. 2001)**.
Jurisdiction being proper under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, this court
affirms.

The Sentencing Guidelines for firearms offenses state: "If the offense involved
a destructive device, increase by 2 levels."  **U.S.S.G.  2K2.1(b)(3)**.  Hardy  claims
that the shotgun he possessed is not a "destructive device" as defined  in 26 U.S.C.
§ 5845(a), and Application Note 4 of U.S.S.G. § 2K2.1.

 Application Note 4 provides:

> "Destructive device" is a type of firearm listed in 26 U.S.C. §
> 5845(a),and includes any explosive, incendiary, or poison gas–(i) bomb,
> (ii) grenade, (iii) rocket having an explosive or incendiary charge of
> more than one-quarter ounce, (iv) missile having an explosive or
> incendiary charge of more than one-quarter ounce, (v) mine, or (vi)
> device similar to any of the devices described in the preceding clauses;
> any type of weapon which will, or which may be readily converted to,
> expel a projectile by the action of an explosive or other propellant, and
> which has any barrel with a bore of morethan one-half inch in diameter;
> or any combination of parts either designed or intended for use in
> converting any device into any destructive device listed above.  For a
> more detailed definition, refer to 26 U.S.C. § 5845(f).

**U.S.S.G. § 2K1.1, cmt. n.4 (2004).**

Hardy  focuses  on  26  U.S.C.  §  5845(a),  which  has  eight  subsections.
Subsections (1) and (2) define "firearm" to mean short-barreled shotguns. Subsection
(8) separately defines "firearm" as a "destructive device."  Hardy reasons that by
distinguishing short-barreled shotguns from destructive devices in section 5845(a),
Congress intended that the term *destructive device* not include a shotgun.

To the contrary, for purposes of section 5845(a), Congress expressly defined "destructive device" in section 5845(f) as:

> (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; . . .

**26 U.S.C. § 5845(f)(2).** This definition of "destructive device" includes most shotguns not found particularly suitable for sporting purposes. *See **United States v. Lee**, 351 F.3d 350, 351 n.1 (8th Cir. 2003*).

Neither side points to any finding by the Secretary. *See **United States v. Allegree**, 175 F.3d 648, 651 (8th Cir. 1999)* (sawed-off shotguns are inherently dangerous and lack usefulness except for violent and criminal purposes); ***United States v. Linson**, 276 F.3d 1017, 1019 (8th Cir. 2002)* (sawing off a shotgun hinders, rather than aids, sport shooting).

Hardy also invokes the difference in punishment between convictions involving short-barreled shotguns, and those involving destructive devices, in 18 U.S.C. § 924(c)(1)(B). As Hardy was convicted of violating 26 U.S.C. § 5861(d) – not 18 U.S.C. § 924(c) – this argument is irrelevant. *See **United States v. Wynn**, 365 F.3d 546, 550 (6th Cir. 2004).*

In this case, Hardy stipulated, in the plea agreement, that he possessed a 10-gauge double-barrel shotgun, with a barrel-length of less than 18 inches, and overall length less than 26 inches. It is a "destructive device" under U.S.S.G. § 2K2.1(b)(3).

The district court did not err in imposing a two-level enhancement.  Hardy's sentence is affirmed.

_____