# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2685

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Mark Backer, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2005
Filed: August 23, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Mark Backer appeals from a decision of the district court resentencing him from 60 to 87 months' imprisonment. We consider whether plain error occurred and deciding that it did we remand for sentencing in conformity with *United States v. Booker*, 125 S. Ct. 738 (2005).

## I. *Background*

A confidential source told the Mandan City Police Department that Mark Backer owned a shop where there was frequent drug dealing. Officers executed a

search warrant at Backer's residence. Roger Kottsick was living there and told officers that Backer resided at Backer's second shop. Kottsick voluntarily surrendered a bag of methamphetamine and was interviewed by Officer Roger Becker. Kottsick said he purchased a gram of methamphetamine from Backer at Backer's second shop six days earlier. He stated that Backer kept methamphetamine on his person or in a workbench at the shop. Kottsick also indicated that he saw firearms in Backer's bedroom and on one occasion he saw a Street Sweeper 12-gauge shotgun on Backer's bed.

Officers searched Backer's second shop pursuant to a second search warrant and found the Street Sweeper, a fully automatic machine gun, and approximately 54 other firearms in Backer's bedroom. Officers also seized drug paraphernalia and a small amount of methamphetamine. Backer was indicted for (1) being an unlawful user of a controlled substance and knowingly possessing 54 firearms; (2) knowingly possessing a machine gun; (3) knowingly possessing a Street Sweeper shotgun which had not been registered in the National Firearms Registration and Transfer Record; and (4) knowingly possessing a firearm with an obliterated serial number. Backer pled not guilty to all counts, however, following a jury trial, Backer was found guilty on all counts.

The district court sentenced Backer to a term of 60 months' imprisonment, two years' supervised release, and a $15,000 fine. Backer and the government appealed. We affirmed Backer's conviction, but reversed the sentence and remanded for resentencing. *United States v. Backer*, 362 F.3d 504, 509 (8th Cir. 2004). We held that the district court erred in declining to assign a two-level enhancement under U.S.S.G. § 2K2.1—one for destructive device and one for an obliterated serial number. *Id.* The enhancements added six additional levels resulting in an offense level of 29 and a sentencing range of 87 to 108 months. At resentencing, Backer did not object to the Presentence Investigation Report and was resentenced to 87 months. The Supreme Court announced its decision in *Blakely v. Washington*, 542 U.S. 296

(2004), on the same day Backer was resentenced. Backer now appeals arguing that changes to the federal sentencing guidelines affected by the Supreme Court's *Blakely* and *Booker* decisions require a second remand for resentencing. We agree and remand.

## II. *Discussion*

We review the district court's sentence for plain error because Backer failed to raise a *Booker*-type objection at sentencing but instead raised it for the first time on appeal. *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (a *Booker* error "is preserved if the defendant below argued *Apprendi* or *Blakely* error or that the Guidelines were unconstitutional").

Backer first argues that the Guidelines enhancements violated his Sixth Amendment rights as established under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 125 S. Ct. 738 (2005). These cases stand for the proposition that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. *Booker* clarified whether this principle, which was first clearly enunciated in *Apprendi*, applied to the then mandatory Federal Sentencing Guidelines. *Id.* at 755. The Court's remedy for this constitutional infirmity in the Guidelines was to excise the provisions of the Guidelines that made them mandatory. *Id.* at 756–57.

Backer argues that the *Apprendi* principle invalidates three sentence enhancements he received: (1) six levels for possessing more than three firearms under U.S.S.G. § 2K2.1(a)(4); (2) two levels for possessing a destructive device under § 2K2.1(b)(3); and (3) two levels for an obliterated serial number under § 2K2.1(b)(4). We disagree. During Backer's sentencing, he admitted possession of the weapons in question and our prior opinion resolved the legal question of whether one

of those weapons was a destructive device. Additionally, the jury found the facts that form the basis for these enhancements beyond a reasonable doubt. We affirm the district court's sentencing enhancements.

Backer also argues that upon remand, the district court imposed a sentence under a mandatory guideline sentencing scheme in violation of *Booker*. Backer is correct. However, because he made no Sixth Amendment argument below, we review for plain error, *Pirani*, 406 F.3d at 550, and analyze under the four-part test of *United States v. Olano*, 507 U.S. 725, 732 (1993). Under this test, there must be (1) error, (2) that is plain, (3) that affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. The third prong of the *Olano* test turns on whether Backer "has demonstrated a reasonable probability that he would have received a more favorable sentence with the *Booker* error eliminated by making the Guidelines advisory." *Pirani*, 406 F.3d at 552.

The first two requirements of *Olano* are satisfied because the district erred in sentencing Backer under mandatory Guidelines and we have previously determined that error to be plain. *Id.* at 550. Our review of the record also shows that the court's error affected Backer's substantial rights. Backer specifically sought a downward departure based upon lack of criminal history and his possession of the weapons as a collector. At the hearing, Backer also specifically requested a three-level reduction for acceptance of responsibility. The district court made clear in its resentencing that its sentence was a consequence of the mandatory nature of the Guidelines and the prior opinion of this court. Also, the district court's prior sentence, which was 27 months shorter in duration, demonstrates a reasonable probability that upon resentencing under *Booker*, Backer could receive a more favorable sentence. Lastly, to affirm Backer's 87 month sentence under the present record would seriously affect the fairness, integrity, or public reputation of judicial proceedings. We find that Backer has met the *Olano* requirements and has proven plain error. For the foregoing

-4-

reasons, we remand to the district court for resentencing, consistent with the sentencing scheme detailed in *Booker*.

_____