# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1154
_____

United States of America

*Plaintiff - Appellee*

v.

Adrian Alexander Zarate

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: March 31, 2021
Filed: April 19, 2021
[Published]

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Adrian Zarate appeals the sentence imposed after he pled guilty to possessing an unregistered short-barreled shotgun. We ordered supplemental briefing on whether the district court plainly erred in imposing an enhancement under United States Sentencing Guidelines Manual ("Guidelines") § 2K2.1(b)(3)(B) for possessing

a destructive device. For the following reasons, we remand for resentencing without the destructive-device enhancement.

Because Zarate did not object to the destructive-device enhancement, our review is for plain error. *See United States v. Parrow*, 844 F.3d 801, 802 (8th Cir. 2016) (per curiam) (reviewing application of enhancement for plain error because defendant did not object to enhancement); *see also United States v. Olano*, 507 U.S. 725, 731-33 (1993) (forfeited error is subject to plain error review). Section 2K2.1(b)(3)(B) provides for an enhancement if the offense involved a "destructive device," which an application note defines as having "the meaning given that term in 26 U.S.C. § 5845(f)." *See* U.S.S.G. § 2K2.1 cmt. n.1. Section 5845(f) defines a destructive device, in relevant part, as "any type of weapon . . . which will . . . expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter[.]" *See* 26 U.S.C. § 5845(f)(2). The shotgun at issue is described in the presentence report and throughout the record as a .410 caliber shotgun, and therefore, by definition it had a bore diameter of less than one-half inch. *See Merriam-Webster's Collegiate Dictionary* (11th ed. 2014) (defining caliber as "the diameter of a bore of a gun [usually] expressed in hundredths or thousandths of an inch and typically written as a decimal fraction"); *see also People v. Cortez*, 442 N.Y.S.2d 873, 874 (N.Y. Sup. Ct. 1981) (noting "[t]he gauge of the shotgun refers to the inside bore diameter of the barrel" and a .410 caliber shotgun has a bore diameter of .410 of an inch); *but see United States v. Lee*, 351 F.3d 350, 351 n.1 (8th Cir. 2003) (appearing to hold that "an unregistered sawed-off Marlin Model 60G .410 caliber shotgun, m[et] the statutory definition of 'destructive device,'" when this was undisputed by the parties and without specifically relying on the bore diameter to do so). We thus conclude the district court plainly erred in imposing the destructive-device enhancement. Further, the error affected Zarate's substantial rights, as his Guidelines imprisonment range would have been lower without the enhancement, and the error seriously affects the fairness of the proceedings. *See Molina-Martinez v. United States*, 136 S. Ct. 1338,

1347 (2016) ("Where . . . the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights."); *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1910 (2018) ("The mere fact that [the defendant's] sentence falls within the corrected Guidelines range does not preserve fairness, integrity, or public reputation of the proceedings.").

As for the remaining issues raised on appeal, we conclude the district court properly applied the enhancement under Guidelines § 2K2.1(b)(6)(B), because the record supports the court's finding that Zarate carried a handgun within the city limits of Waterloo, Iowa. *See* U.S.S.G. § 2K2.1(b)(6)(B); Iowa Code § 724.4(1); *United States v. Dixon*, 822 F.3d 464, 465 (8th Cir. 2016) (standard of review). Because we remand for resentencing, we do not reach the substantive-reasonableness challenge.

Accordingly, we remand for resentencing without the destructive-device enhancement.

_____