# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3231
_____

United States of America

*Plaintiff - Appellee*

v.

Demetrius Bailey, also known as Murda

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: April 14, 2022
Filed: June 14, 2022
[Published]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

After Demetrius Bailey pled guilty to one count of receipt or possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841 and 5861(c)-(d), the district court sentenced him to 100 months imprisonment, followed by 3 years of supervised release. Bailey appeals his sentence, arguing that the district court erred in calculating his base offense level under United States Sentencing Guidelines

(USSG) § 2K2.1(a)(3) and in applying a two-level enhancement under USSG § 2K2.1(b)(3)(B) for an offense involving a destructive device. Having jurisdiction under 28 U.S.C. § 1291, and agreeing with Bailey's second point of error, we remand for resentencing without application of the destructive-device enhancement.

Bailey's conviction arises from an incident in which he threatened another individual with a firearm. After he was arrested and officers seized a 14-gauge shotgun from his person, Bailey was indicted on one count of receipt or possession of an unregistered firearm and one count of being a felon in possession of a firearm. Bailey ultimately entered a guilty plea only to the unregistered firearm count. At sentencing, the district court adopted the Presentence Investigation Report (PSR), which, relying on USSG § 2K2.1(a)(3), calculated Bailey's base offense level at 22 because the offense involved a specified firearm and because he had previously been convicted of a controlled substance offense, possession of marijuana with intent to deliver, in violation of Iowa Code § 124.401. The PSR also applied a two-level enhancement pursuant to USSG § 2K2.1(b)(3)(B) because Bailey's offense involved a destructive device. The district court ultimately calculated Bailey's total offense level at 25, with a criminal history Category VI, resulting in a Guidelines range of 110 to 120 months imprisonment. The district court imposed a downward variance, sentencing Bailey to 100 months imprisonment. The district court then dismissed the felon-in-possession charge.

Bailey first asserts that the district court erred in calculating his base offense level, arguing that his previous marijuana conviction under Iowa law cannot serve as a predicate controlled substance offense for the purposes of USSG § 2K2.1(a)(3) because, at the time of his previous conviction, Iowa law criminalized the possession of hemp, which is broader than the definition of marijuana in the Controlled Substances Act (CSA). "[W]e review de novo whether a prior conviction qualifies as a crime of violence or controlled substance offense under the Guidelines." United States v. Williams, 926 F.3d 966, 969 (8th Cir. 2019).

-2-

We are unpersuaded by Bailey's argument. Although <u>United States v. Jackson</u>, No. 20-3684, 2022 WL 303231 (8th Cir. Feb 2, 2022) (per curiam),[1] is not precedential, <u>see</u> 8th Cir. R. 32.1A, we find its reasoning persuasive, and so we adopt that reasoning here. There, we stated:

> We determined in [<u>United States v. Henderson</u>, 11 F.4th 713 (8th Cir. 2021)] that U.S.S.G. § 4B1.2(b)[, which defines "controlled substance offense,"] contains "no requirement that the particular substance underlying the state offense is also controlled under [the CSA]." Instead, we agreed with the Fourth Circuit's interpretation that the "ordinary meaning of . . . 'controlled substance,' is any type of drug whose manufacture, possession, and use is regulated by law." Jackson concedes he was convicted of delivering and possessing with intent to deliver marijuana, a drug regulated by Iowa law. Whether the statute additionally proscribed hemp within the definition of marijuana is immaterial.

> Attempting to distinguish <u>Henderson</u>, Jackson emphasizes that Iowa, too, has removed hemp from its marijuana definition since his convictions occurred. <u>See</u> Iowa Code § 124.401(6). But we may not look to "current state law to define a previous offense." Jackson's uncontested prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as controlled substance offenses for the career offender enhancement.

<u>Id.</u> at *1–2 (third and fourth alterations in original) (citations omitted). The district court thus did not err in its calculation of Bailey's base offense level.

Bailey next asserts that the district court erred in applying the two-level enhancement under USSG § 2K2.1(b)(3)(B), which dictates that the district court increase the offense level by two points when the offense of conviction involved a destructive device. Bailey did not object to the application of this enhancement at sentencing, so our review is for plain error. <u>United States v. Coleman</u>, 961 F.3d

---

[1]Bailey acknowledges in his brief to this court that his argument raises the same issue this Court considered in <u>Jackson</u>. Appellant Br. ii.

1024, 1027 (8th Cir. 2020), <u>cert. denied</u>, 141 S. Ct. 2819 (2021).  Plain error occurs when there is "(1) an error, (2) that is plain, and (3) that affects [the defendant's] substantial rights."  <u>Id.</u>

Section § 2K2.1(b)(3)(B) incorporates the meaning of "destructive device" set forth in 26 U.S.C. § 5845(f), which provides that a "destructive device" includes "any type of weapon . . . which may be readily converted to . . . expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes."  It is undisputed that the shotgun involved in the offense of conviction was a .410 caliber weapon, meaning that its bore diameter was less than one-half inch, and the government concedes error, suggesting that this Court remand for resentencing.  We agree with Bailey and the government that the application of this enhancement when the weapon involved in the offense of conviction does not meet the definition of "destructive device" is plain error that affects Bailey's substantial rights.  <u>See</u> <u>United States v. Zarate</u>, 993 F.3d 1075, 1076 (8th Cir. 2021) (per curiam) ("We thus conclude the district court plainly erred in imposing the destructive-device enhancement [because the weapon involved was a .410 caliber shotgun with a bore diameter of less than one-half inch].  Further, the error affected Zarate's substantial rights, as his Guidelines imprisonment range would have been lower without the enhancement, and the error seriously affects the fairness of the proceedings.").  We therefore vacate Bailey's sentence and remand with directions to the district court to resentence Bailey without application of this enhancement.

For the foregoing reasons, we remand for resentencing.

_____