# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2432
_____

United States of America

*Plaintiff - Appellee*

v.

Marques Dwell Armstrong, Jr., also known as Kease

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: February 16, 2024
Filed: May 2, 2024
_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

In October 2021, police attempted to arrest Armstrong on a federal warrant. He fled first in his car and then on foot. Chasing him, an officer saw him fall into grass in front of a residence. He then continued to flee. Police arrested him soon after. In the grass where he fell, police found a Glock 9mm switch-equipped handgun.

A jury convicted him of possessing a machine gun in violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to 127 months in prison. He appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Armstrong contends there was insufficient evidence to convict. This court reviews de novo, viewing the record most favorably to the government, resolving all evidentiary conflicts in its favor, and accepting all reasonable inferences supporting the verdict. *See United States v. Aungie*, 4 F.4th 638, 643 (8th Cir. 2021). This court will reverse only if "no reasonable jury could have found the accused guilty beyond a reasonable doubt." *United States v. Druger*, 920 F.3d 567, 569 (8th Cir. 2019).

The evidence showed that Armstrong—wearing a crossbody bag known to conceal weapons—fled his Jeep when police tried to arrest him. While running, he fell into tall grass. He stood up and continued to flee, surrendering soon after. When arrested, the crossbody bag was partially open. Based on his behavior and the open bag, the arresting officer suspected he ditched a gun while fleeing. Officers searched the grass where Armstrong fell, finding a Glock 9mm switch-equipped handgun. *See United States v. Bailey*, 831 F.3d 1035, 1039 (8th Cir. 2016) (affirming a felon-in-possession conviction where no one observed the defendant with the firearm that was recovered along the route of the defendant's flight, 45 minutes after he had fallen there). The Glock was clean, in excellent condition, and fit easily inside the crossbody bag. *See, e.g.*, *United States v. Roark*, 724 Fed. Appx. 495, 497 (8th Cir. 2018) (noting that the gun recovered along the defendant's flight path "did not appear to be rusted or weathered," supporting the inference it had been there "for

---

[1]The Honorable Donovan W. Frank, United States District Court Judge for the District of Minnesota.

only a short time"). The landlord testified that in the eight years that he managed and actively maintained the grass where Armstrong fell, he had never found firearms, discharged cartridge casings, or any weapons. The landlord had cut and sprayed the grass within the prior two weeks. There was no gun.

The evidence also showed that Armstrong admitted under oath in a prior case that for four years he conspired to acquire, store, and possess firearms for convicted felons. And the jury saw four seconds of a video, taped a few weeks before the arrest, where Armstrong—holding a firearm with an extended magazine—rapped about owning a Glock with a switch. The sounds of automatic gunfire accompanied the rap.

The evidence was sufficient to support the verdict.

## II.

Armstrong believes the district court abused its discretion by admitting the four-second video showing him rapping about upgrading his Glock with a switch. This court reviews the admission of Rule 404(b) evidence for abuse of discretion. *United States v. Drew*, 9 F.4th 718, 722 (8th Cir. 2021). A district court properly admits evidence under Rule 404(b) if (1) it is relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value. *Id.* at 723. The parties agree the evidence satisfies the first three prongs of the Rule 404(b) test.

Armstrong asserts the evidence's probative value was substantially outweighed by the danger of unfair prejudice. The video's probative value was high. Two material issues were Armstrong's knowledge that he possessed a firearm and that it could become a fully automatic machine gun. *See United States v. Williams*, 796 F.3d 951, 959 (8th Cir. 2015) ("Knowing possession of a firearm is an element of 18 U.S.C. § 922(g)(1), and a defendant places his knowledge of the firearm's

-3-

presence at the scene . . . at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond a reasonable doubt." (cleaned up)); *United States v. Backer*, 362 F.3d 504, 507 (8th Cir. 2004) (noting that to obtain conviction of knowing possession of a machine gun the government "was required to prove that [the defendant] knew of the machine gun's capability to fire in a fully-automatic manner"). His rap that his Glock was upgraded with a switch, accompanied by the sounds of automatic gunfire, and him showing a firearm with an extended magazine were relevant and directly probative of this knowledge. *See*, *e.g.*, *United States v. Nyah*, 35 F.4th 1100, 1108 (8th Cir. 2022) (holding that images from music videos showing a defendant possessing a firearm were probative of the defendant's later knowing and intentional possession of the firearm).

The evidence was not unfairly prejudicial. The government excerpted parts of the video to "show the key images . . . needed to prove his knowing and intentional possession of the firearm." *United States v. Rembert*, 851 F.3d 836, 838 (8th Cir. 2017). And the district court delivered a comprehensive limiting instruction three separate times—before the video, when the evidence was discussed by another witness, and in its final charge to the jury. *See, e.g.*, *United States v. Buckner*, 868 F.3d 684, 690 (8th Cir. 2017) (noting that giving a limiting instruction diminishes danger of any unfair prejudice from admission of other acts evidence).

The court did not abuse its discretion in admitting the video.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____