24CA0297 Peo in Interest of JO 08-21-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0297
Yuma County District Court No. 23JD9
Honorable Justin B. Haenlein, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of J.O.,

Juvenile-Appellant.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE PAWAR
Lipinsky and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 21, 2025

---

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Nicole M. Mooney, Alternate Defense Counsel, Golden, Colorado, for Juvenile-Appellant

¶ 1 Juvenile defendant, J.O., appeals the postconviction court's order denying his Crim. P. 35(a) motion for relief from an illegal sentence. He argues the sentencing court's order requiring him to pay restitution for money spent by law enforcement during an undercover drug deal with him was illegal under section 18-1.3-602(3), C.R.S. 2024. For the reasons articulated in *People v. Hollis*, 2023 COA 91, we agree. We therefore reverse the order denying J.O.'s motion and remand the case for vacatur of the order requiring him to pay restitution.

## I. Background

¶ 2 After J.O. pled guilty to distribution of a controlled substance, the prosecution filed a motion for $3,248 in restitution to be paid to the Drug Enforcement Administration related to an "undercover purchase." A magistrate granted the motion and ordered restitution as requested.

¶ 3 Less than a month later, a division of this court issued its decision in *People v. Hollis*, 2023 COA 91, ¶¶ 14, 21 (*cert. granted* July 1, 2024), concluding that money used by undercover officers to purchase drugs is not an eligible law enforcement cost for an award of restitution under the restitution statute.

1

¶ 4     J.O. filed a Crim. P. 35(a) motion arguing that, under *Hollis*, the restitution order was illegal.  The postconviction court disagreed and denied the motion.

¶ 5     J.O. appeals.  He argues that we should follow *Hollis* and conclude that drug-buy money spent by an undercover officer is not recoverable as restitution.  We agree and reverse the postconviction court's order.

## II.     Standard of Review and Applicable Law

¶ 6     A court may correct an illegal sentence at any time.  Crim. P. 35(a).  A sentence is illegal if it is inconsistent with the statutory scheme outlined by the legislature.  *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006).  We review the legality of a sentence de novo.  *People in Interest of N.D.O.*, 2021 COA 100, ¶ 28.

¶ 7     Colorado's restitution statute defines restitution as "any pecuniary loss suffered by a victim and includes . . . money advanced by law enforcement agencies."  § 18-1.3-602(3)(a).  Restitution also includes "extraordinary direct public . . . investigative costs."  § 18-1.3-602(3)(b).  "[T]ypically[,] the legislature must specifically include law enforcement costs within the restitution statute for them to be eligible for an award of

2

restitution." *Hollis*, ¶ 8 (quoting *Dubois v. People*, 211 P.3d 41, 46 (Colo. 2009)).

¶ 8      Divisions of this court have reached differing conclusions regarding whether drug-buy money spent by police is recoverable as restitution under the restitution statute.  In *People v. Juanda*, 2012 COA 159, ¶¶ 8-9, one division concluded that such money was recoverable because it was advanced by law enforcement and constituted an extraordinary direct public investigative cost.

¶ 9      The *Hollis* division disagreed with *Juanda*.  It concluded that drug-buy money was not recoverable as restitution because, although it was advanced by law enforcement agencies, section 18-1.3-602(3)(a) "limits the recovery of such advances to those related to the pecuniary loss of a victim," *Hollis*, ¶ 12, and the police are not victims of drug distribution.  *See id.* at ¶¶ 11-12 ("Rather, the victim of narcotics distribution is the public at large.").  The *Hollis* division further concluded that drug-buy money is not an extraordinary direct public investigative cost under section 18-1.3-602(3)(b) because police routinely incur and specifically budget for it to investigate drug-related crimes.  *Id.* at ¶ 21.

## III. Discussion

¶ 10    The postconviction court denied J.O.'s motion by concluding that *Hollis* did not create a new rule of criminal procedure and that, even if it did, such new rule did not apply retroactively. This analysis was inapposite to J.O.'s motion, however. As the Attorney General concedes, the issue in this case has nothing to do with the retroactivity principles the postconviction court applied. *See People v. Cooper*, 2023 COA 113, ¶ 9 (holding the retroactivity analysis in *Teague v. Lane*, 489 U.S. 288, 109 (1989), on which the postconviction court relied, applies "only to new rules of criminal procedure involving constitutional rights"). Instead, we must decide the proper interpretation of the restitution statute — whether it allows police to recover drug-buy money (*Juanda*) or not (*Hollis*).

¶ 11    We are persuaded by *Hollis*. For the reasons articulated in that decision, we conclude that drug-buy money expended by undercover police is neither "related to the pecuniary loss of a victim" under section 18-1.3-602(3)(a), nor an "extraordinary" investigative cost under section 18-1.3-602(3)(b). *Hollis*, ¶¶ 9, 16-19 (distinguishing the authority on which *Juanda* relied to conclude

that drug-buy money is "extraordinary" and noting that such term does not apply to run-of-the-mill investigative costs).

¶ 12    The Attorney General urges us not to decide the case based on our de novo interpretation of the restitution statute, but rather, in the absence of supreme court guidance, to defer to the postconviction court's ruling.  According to the Attorney General, we should affirm the postconviction court's order because *Hollis* is on certiorari review and, until the supreme court weighs in, *Hollis* and *Juanda* carry equal weight.  In other words, the Attorney General asserts that because there is a split in authority, the restitution order entered in this case does not violate the law, and the postconviction court properly denied J.O.'s motion.

¶ 13    We are not persuaded by the Attorney General's argument.  As it concedes, the legality of J.O.'s sentence is a question of law subject to de novo review.  That means we must review the restitution order "as new," through an independent application of the governing law.  *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004).  We are not bound by the decisions of other divisions of this court.  *People v. Smoots*, 2013 COA 152, ¶ 21, *aff'd sub nom. Reyna-Abarca v. People*, 2017 CO 15.  And while we are bound by

supreme court precedent, *People v. Melendez*, 2024 COA 21M, ¶ 19, we may not abdicate our responsibility to decide a legal question de novo simply because the supreme court has yet to resolve it.

¶ 14    Addressing the issue before us, as we must, we conclude that the restitution statute does not authorize police recovery of drug-buy money.  Accordingly, we reverse the postconviction court's order and remand the case for the restitution order to be vacated.

## IV.  Disposition

¶ 15    The order denying relief under Crim. P. 35(a) is reversed, and the case is remanded for vacatur of the restitution order and entry of an order of no restitution.

JUDGE LIPINSKY and JUDGE LUM concur.